CASE NUMBERS: 14-13542 & 14-13657
UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

DENNIS MARK MONTANA, as Guardian of Paul N. Blevins, and
REBEKAH J. PATTERSON, as Guardian of minor children, D.B., D.B.,
and F.B., as Assignees of Suncoast Preferred Investment Corp.,

Appellants / Cross-Appellees,

v.

WESTERN HERITAGE INSURANCE COMPANY,

Appellee / Cross-Appellant.

---

Appeal from a Final Judgment of the
United States District Court for the Middle District of Florida
Case Number: 8:13-cv-1116-T-24TGW

---

REPLY BRIEF OF APPELLEE / CROSS-APPELLANT,
WESTERN HERITAGE INSURANCE COMPANY

---

B. RICHARD YOUNG
Florida Bar No.: 442682
**COURTNEY F. SMITH**
Florida Bar No.: 67388
**MEGAN M. HALL**
Florida Bar No.: 41695
YOUNG, BILL, ROUMBOS & BOLES, P.A.
Post Office Drawer 1070
Pensacola, FL 32591-1070
Telephone: (850) 432-2222
Facsimile: (850) 432-1444
*Attorneys for WESTERN HERITAGE INS. CO.*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT OF APPELLANT/CROSS-APPELLEE WESTERN HERITAGE INSURANCE COMPANY

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1 through 26.1-3, Appellee/Cross-Appellant, WESTERN HERITAGE INSURANCE COMPANY ("WESTERN HERITAGE"), hereby submits the following Certificate of Interested Persons and Corporate Disclosure Statement:

Bucklew, the Honorable Susan: Trial Judge

Butler Pappas Weihmuller Katz Craig LLP: counsel for underlying Defendant Suncoast Preferred Investment Corp.

Emerson Straw PL: counsel for Appellants / Cross-Appellees

Emerson, Matthew Esq.: counsel for Appellants / Cross-Appellees

Hall, Megan M., Esq.: counsel for Appellee / Cross-Appellant

Herman, Jason A., Esq.

Keane, Reese, Vesely & Gerdes, P.A.: counsel Appellants/Cross-Appellees

Kidd, Amanda L., Esq.: counsel for Western Heritage

Lane, Stella J., Esq.

Montana, Dennis Mark, as Guardian of Paul Blevins: Appellant/Cross-Appellee

Nationwide Mutual Insurance Company: Parent company of Western Heritage

C 1

Patterson, Rebekah J., as Guardian of minor children, D.B., D.B. and F.B.: Appellant / Cross-Appellee

Phelps Dunbar, LLP

Reynolds, Charles E., Esq.: former counsel for Suncoast Preferred Investment Corp.

Scottsdale Insurance Company

Sever, Jay Russell, Esq.

Smith, Courtney F., Esq.: counsel for Appellee / Cross-Appellant

Straw, Wesley T., Esq.: counsel for Appellants / Cross-Appellees

Suncoast Preferred Investment Corp.: underlying Defendant

Vesely, Brandon Esq.: counsel for Appellants / Cross-Appellees

Western Heritage Insurance Company, Inc.: Appellee / Cross-Appellant

Winer, Maria, as former legal guardian for Paul N. Blevins: Appellant/ Cross-Appellee

Young, Bill, Roumbos & Boles, P.A.: counsel for Appellee/Cross-Appellant

Young, B. Richard, Esq.: counsel for Appellee/Cross-Appellant

# TABLE OF CONTENTS

Page

Certificate of Interested Persons and Corporate Disclosure Statement . . . . . . . . C1

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

Table of Citations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument and Citations of Authority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.    Suncoast breached the terms and conditions of the Policy by failing to cooperate with WESTERN HERITAGE in the defense of the Underlying Action and therefore, no coverage exists . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.    Because Suncoast did not reject the alleged conditional defense at the outset, Suncoast was not free to reject such defense more than four years later . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        B.    Because MONTANA has failed to demonstrate a material change in the terms of the defense, Suncoast's belated rejection of the alleged conditional defense was not justified . . . . . . . . . . . . . . . . . . . . . . . . 7

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF CITATIONS

**Cases**                                                              **Page**

*Aguero v. First Am. Ins. Co.*,
  927 So. 2d 894 (Fla. 3d DCA 2005) .................... 4, 6

*Am. Reliance Ins. Co. v. Perez*,
  712 So. 2d 1211 (Fla. 3d DCA 1998) .................... 4

*Certain Interested Underwriters at Lloyd's v. Halikoytakis*,
  2012 WL 487464 (M.D. Fla. Feb. 2, 2012) .................... 5

*Cont'l Cas. Co. v. City of Jacksonville*,
  550 F. Supp. 2d 1312 (M.D. Fla. 2007)
  aff'd, 283 Fed.Appx. 686 (11th Cir. 2008) .................... 3, 4, 6

*Doe v. Onebeacon America Ins. Co.*,
  2012 WL 5876566 (N.D. Fla. 2012) .................... 4

*First Am. Title Ins. Co. v. Nat'l Union Fire Ins. Co.*,
  695 So. 2d 475 (Fla. 3d DCA 1997) .................... 2

*Giffen Roofing Co. v. DHS Developers, Inc.*,
  442 So. 2d 396 (Fla. 5th DCA 1983) .................... 3

*Mid Continent Cas. Co. v. Am. Pride Bldg. Co.*,
  601 F.3d 1143 (11th Cir. 2010) .................... 3, 4, 7

*Petro v. Travelers Cas. & Sur. Co. of Am.*,
  54 F. Supp. 3d 1295 (N.D. Fla. 2014) .................... 7

*Ramos v. Nw. Mut. Ins. Co.*,
  336 So. 2d 71 (Fla. 1976) .................... 6

*Rolyn Companies, Inc. v. R & J Sales of Texas, Inc.*,
  412 Fed.Appx. 252 (11th Cir. 2011) .................... 6

*Taylor v. Safeco Ins. Co.,*
　　361 So. 2d 743 (Fla. 1st DCA 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Travelers Indem. Co. of Ill. v. Royal Oak Enter., Inc.,*
　　344 F. Supp. 2d 1358, 1370 (M.D. Fla. 2004) . . . . . . . . . . . . . . . . . . . . . . . 6

*United Nat. Ins. Co. v. Jacobs*,
　　754 F. Supp. 865, 870 (M.D. Fla. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Zurich Am. Ins. Co. v. Frankel Enterprises, Inc.*,
　　509 F. Supp. 2d 1303 (S.D. Fla. 2007)
　　aff'd sub nom., 287 Fed.Appx. 775 (11th Cir. 2008) . . . . . . . . . . . . . . 2, 3, 4

## ARGUMENT AND CITATIONS OF AUTHORITY

As a preliminary matter, the pertinent, undisputed facts in this case are as follows:

1. On April 16, 2013, after nearly **five** years of accepting WESTERN HERITAGE's defense in the underlying action but less than **one** month prior to a scheduled mediation, Suncoast abruptly terminated Reynolds' representation and retained Anthony Comparetto, Esq. without WESTERN HERITAGE's knowledge or consent. [Doc. 48-20; Doc. 48-14; Doc. 48-15 at p. 39:12-15, 21-24; Doc. 48-8 at p. 53:2-4; Doc. 48-13 at p. 40:16-18, 119:8-13; Doc. 48-18; Doc. 48-19].

2. Immediately thereafter, on April 18, 2013, at mediation previously arranged without WESTERN HERITAGE's knowledge, Suncoast entered into a Joint Stipulation and Agreement with the Blevins in the amount of **$6,768,528.00**. [Doc. 48-13 at p. 36:15-37:16; Doc. 48-15 at p. 8:8-9:2, 15:6-8; Doc. 48-16 at p. 13:3-20; Doc. 48-24]. In exchange for agreeing to settle with Suncoast, the Blevins required that Suncoast assign to them any claims that Suncoast might have against WESTERN HERITAGE. [*See* Doc. 48-24.]

In light of the undisputed facts, the issue is whether Suncoast can unjustifiably reject the defense, unilaterally settle the underlying case, present the settlement to WESTERN HERITAGE as a *fait accompli*, and obtain indemnification despite its blatant breach of clear and unambiguous policy provisions. Under Florida law, the answer is a resounding no.

1

I.  **Suncoast breached the terms and conditions of the Policy by failing to cooperate with WESTERN HERITAGE in the defense of the Underlying Action and therefore, no coverage exists.**

An insurer is not bound by an authorized settlement unless: **(1)** the insurer refuses to defend, *First Am. Title Ins. Co. v. Nat'l Union Fire Ins. Co.*, 695 So. 2d 475, 477 (Fla. 3d DCA 1997) ("Thus, while an insured is free to enter into a reasonable settlement when its insurer has wrongfully refused to provide it with a defense to a suit, we find that the insured is not similarly free to independently engage in such settlements where, as here, the insurer had not declined a defense to suit"); or **(2)** the insurer defends under reservation of rights and the insured rejects that defense. *United Nat. Ins. Co. v. Jacobs*, 754 F. Supp. 865, 870 (M.D. Fla. 1990) ("By neither rejecting the defense nor acquiring UNIC's consent, Jacobs breached the terms of the policy when he settled the lawsuit with the Perrys"); *see also*, *Zurich Am. Ins. Co. v. Frankel Enterprises, Inc.*, 509 F. Supp. 2d 1303, 1310 (S.D. Fla. 2007) aff'd sub nom., 287 Fed.Appx. 775 (11th Cir. 2008).

A.  **Because Suncoast did not reject the alleged conditional defense at the outset, Suncoast was not free to reject such defense more than four years later.**

When a defense is offered under a reservation of rights, the insured has a right to reject the conditional defense at the outset, retain control over the defense,

2

and effect a reasonable settlement. *See Taylor v. Safeco Ins. Co.*, 361 So. 2d 743, 744, 746 (Fla. 1st DCA 1978) (insured rejected the defense at the outset of the case). "In such a case, the duty to cooperate does not arise because the insured has affirmatively made the decision to sever its relationship with its insurer in defending its claim." *Cont'l Cas. Co. v. City of Jacksonville*, 550 F. Supp. 2d 1312, 1341-1342 (M.D. Fla. 2007) aff'd, 283 Fed.Appx. 686 (11th Cir. 2008) (citing *Taylor,* 361 So. 2d at 7745-746 (finding that putative insured was not compelled to give insurer confidential information while defending himself after rejecting insurer's offer to provide a defense under a reservation of rights)).

"The duty to cooperate does arise, however, if the insured accepts such a conditional defense." *City of Jacksonville*, 550 F. Supp. 2d at 1342 (citing *Jacobs,* 754 F. Supp. at 870-71 (M.D. Fla. 1990) (applying cooperation clause principles in case where insured accepted defense under a reservation of rights); *see also, Giffen Roofing Co. v. DHS Developers, Inc.*, 442 So. 2d 396, 396 (Fla. 5th DCA 1983) (finding in case where insurer provided a defense under a reservation of rights and insured accepted the defense, insured lacked the authority to control defense)); *Frankel Enters., Inc.*, 509 F. Supp. 2d at 1312 (where an insured has accepted a defense subject to a reservation of rights, the insured may not subsequently "wrest control of the defense and bind the insurer to [a] settlement."); *Mid Continent Cas.*

3

*Co. v. Am. Pride Bldg. Co.*, 601 F.3d 1143, 1149 (11th Cir. 2010); *Cont'l Cas. Co. v. City of Jacksonville*, 283 Fed.Appx. 686, 690 (11th Cir. 2008); *Aguero v. First Am. Ins. Co.*, 927 So.2d 894, 898 (Fla. 3d DCA 2005); *Am. Reliance Ins. Co. v. Perez*, 712 So.2d 1211, 1212–13 (Fla. 3d DCA 1998).

The insured cannot accept the benefits of a defense and then later attempt to avoid the consequences of its decision by belatedly "rejecting" the defense when it wishes to breach its policy by entering into a settlement agreement without the insurer's consent. *See Frankel,* 509 F. Supp. 2d at 1311-1312; *see also Doe v. Onebeacon America Ins. Co.*, 2012 WL 5876566, * 5 (N.D. Fla. 2012). Indeed, "[i]t would seem inequitable to allow an insured to take control of the litigation at the eleventh hour so as to preserve its rights to coverage after it has (1) accepted a defense from its insurer, and then (2) prejudiced the insurer by settling the claim behind the insurer's back." *City of Jacksonville*, 550 F. Supp. 2d at 1344, n.28.

The undisputed record in this case shows that upon receiving notice of the subject claim, WESTERN HERITAGE immediately assigned an **unconditional** defense of the claim to the law firm of Butler Pappas, which had been defending Suncoast for well over four years (nearly five years) when terminated by Suncoast on April 16, 2013. [*See* Doc. 48-19, termination letter from Comparetto to the Butler Pappas law firm]. Therefore, because WESTERN HERITAGE neither

4

wrongfully refused to defend Suncoast in the underlying action, nor defend Suncoast under a reservation of rights, Suncoast never had the right to reject the defense.

However, assuming *arguendo* that the defense had been assigned by WESTERN HERITAGE subject to a reservation of rights, this would not have empowered Suncoast to reject the defense provided by WESTERN HERITAGE just two days prior to settling the subject claim over the insurer's objection. The evidence clearly shows Suncoast's acceptance of, and acquiescence in, the fully funded defense – that is – until Suncoast arranged a settlement without the participation of WESTERN HERITAGE and unilaterally chose to terminate the defense on the eve of mediation. Although Suncoast was not required to accept WESTERN HERITAGE's alleged conditional defense at the outset, the fact is that it did accept it, and MONTANA has not produced any facts suggesting that Suncoast may have rejected the alleged conditional defense at the outset. *See Certain Interested Underwriters at Lloyd's v. Halikoytakis*, 2012 WL 487464 at *2 (M.D. Fla. Feb. 2, 2012) (the insured accepted the defense where the insured had a "reasonable time to accept or reject the defense," but failed to sign and return the reservation of rights letters and never rejected the defense nor indicated any intention to obtain individual counsel). Moreover, the cases cited by MONTANA

5

are those in which no defense was offered or the insured was justified in rejecting the conditional defense at the outset, or at least a question of fact existed on the issue. *See Aguero,* 927 So. 2d at 898. That is not the case here.

By Suncoast's acceptance of the fully-funded defense, WESTERN HERITAGE was entitled "to unfettered cooperation from its insured," "to be free from any interference in defending or settling a claim," "to be free from interference in discharging any of its obligations under the insurance contract." *City of Jacksonville,* 550 F. Supp. 2d at 1342 (citing *Travelers Indem. Co. of Ill. v. Royal Oak Enter., Inc.,* 344 F. Supp. 2d 1358, 1370 (M.D. Fla. 2004). However, as the district court correctly found, Suncoast breached its duty to cooperate with WESTERN HERITAGE by unjustifiably rejecting the defense and unilaterally settling the underlying action. Indeed, Suncoast's actions undoubtedly prejudiced WESTERN HERITAGE's right to defend the case and control the litigation. "Such a 'failure which constitutes a material breach and substantially prejudices the rights of the insurer in defense of the cause will release the insurer of its obligation to pay.'" *Rolyn Companies, Inc. v. R & J Sales of Texas, Inc.,* 412 Fed.Appx. 252, 255 (11th Cir. 2011) (quoting *Am. Pride Bldg. Co., LLC,* 601 F.3d at 1150) (quoting *Ramos v. Nw. Mut. Ins. Co.,* 336 So. 2d 71, 75 (Fla. 1976)). Accordingly, no coverage exists.

### B. Because MONTANA has failed to demonstrate a material change in the terms of the defense, Suncoast's belated rejection of the alleged conditional defense was not justified.

Florida law further provides that an insured who does not reject a conditional defense at the outset may subsequently reject it **"if the insurer changes the terms of the defense in a material way."** *Am. Pride,* 601 F.3d at 1150 (emphasis added) (finding a question of fact on this issue where, although the insured had accepted the conditional defense for over a year before rejecting it, there was evidence that the insurance company had changed the conditions of the defense by seeking attorney's fees and costs); *see also, Petro v. Travelers Cas. & Sur. Co. of Am.,* 54 F. Supp. 3d 1295, 1303 (N.D. Fla. 2014).

The undisputed facts of this case indicate that Suncoast had no right to reject and terminate Charles Reynolds, Esq. as its defense counsel. MONTANA contends that Suncoast terminated Reynolds after WESTERN HERITAGE changed the terms of the alleged conditional defense – when Reynolds advised Suncoast to obtain other counsel and indicated he could not advise Suncoast regarding the Blevinses' settlement offer – and was therefore free to settle without WESTERN HERITAGE's consent. However, although Suncoast could have rejected the alleged conditional defense and entered a settlement agreement with the Blevinses,

7

had it done so timely, or had WESTERN HERITAGE materially changed the terms and conditions of the defense, none of those things happened here. Suncoast accepted defense for over four years and then rejected it two days prior to settling over WESTERN HERITAGE's objections. Reynolds' advising Suncoast that it should consult with another attorney about the Blevinses' settlement offer was not a termination of Western Heritage's defense, nor was it a material change in the defense. From inception of the claim through Suncoast's unauthorized entry into the settlement agreement, WESTERN HERITAGE advised Suncoast that the coverage for the claim was limited to $25,000, that it may have substantial personal exposure, and that it may wish to retain its own counsel to assist in that regard. [Doc. 48-13 at p. 124, line 21 through p. 127, line 10; Doc. 48-5]. As noted by the district court, "[t]here was always a gap between the $25,000 Western Heritage claimed were the limits under the policy for the claim and what the settlement demands from the Blevinses were." [Doc. 61 at p. 13]. Accordingly, Suncoast was fully informed of its potential exposure in excess of the applicable limits and was fully advised that such risk may warrant retaining personal counsel. As a result, Suncoast was not free to reject the defense and settle the lawsuit over WESTERN HERITAGE's objections.

8

## CONCLUSION

For these reasons, Suncoast breached the terms and conditions of the Policy by failing to cooperate with WESTERN HERITAGE in the defense of the Underlying Action and therefore, no coverage exists. Accordingly, WESTERN HERITAGE respectfully requests that this Honorable Court reverse the district court's finding that there is any coverage under the Policy for the claims asserted by the Blevin family.

Respectfully submitted this 15th day of June, 2015.

        s/COURTNEY F. SMITH
        **B. RICHARD YOUNG**
        Florida Bar No.: 442682
        ryoung@flalawyer.net
        **COURTNEY F. SMITH**
        Florida Bar No.: 67388
        csmith@flalawyer.net
        **MEGAN M. HALL**
        Florida Bar No.: 41695
        mhall@flalawyer.net
        YOUNG, BILL, ROUMBOS & BOLES, P.A.
        P.O. Drawer 1070
        Pensacola, Florida 32591-1070
        (850) 432-2222 - telephone
        (850) 432-1444 - facsimile
        *Attorneys for WESTERN HERITAGE*
        *INSURANCE COMPANY*

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in Federal Rule of Appellate Procedure 32(a)(7)(B). This brief contains 1,935 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

s/COURTNEY F. SMITH
**B. RICHARD YOUNG**
Florida Bar No.: 442682
ryoung@flalawyer.net
**COURTNEY F. SMITH**
Florida Bar No.: 67388
csmith@flalawyer.net
**MEGAN M. HALL**
Florida Bar No.: 41695
mhall@flalawyer.net
YOUNG, BILL, ROUMBOS & BOLES, P.A.
P.O. Drawer 1070
Pensacola, Florida 32591-1070
(850) 432-2222 - telephone
(850) 432-1444 - facsimile
*Attorneys for WESTERN HERITAGE INSURANCE COMPANY*

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of June, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, and delivered the original and six copies via Federal Express. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/COURTNEY F. SMITH
**B. RICHARD YOUNG**
Florida Bar No.: 442682
ryoung@flalawyer.net
**COURTNEY F. SMITH**
Florida Bar No.: 67388
csmith@flalawyer.net
**MEGAN M. HALL**
Florida Bar No.: 41695
mhall@flalawyer.net
YOUNG, BILL, ROUMBOS & BOLES, P.A.
P.O. Drawer 1070
Pensacola, Florida 32591-1070
(850) 432-2222 - telephone
(850) 432-1444 - facsimile
*Attorneys for WESTERN HERITAGE INSURANCE COMPANY*

11

# SERVICE LIST
## Dennis Mark Montana, et al. V. WESTERN HERITAGE INS. CO.
## Case No.: 14-13542-E
## Eleventh Circuit Court of Appeals

Brandon S. Vesely, Esq.
Keane, Reese, Vesely & Gerdes, P.A.
770 Second Ave. S.
St. Petersburg, FL 33701
bvesely@krv-lawfirm.com
efiling@krv-lawfirm.com
Attorney for Appellants / Cross-Appellees
*Via Notice of Electronic Filing*

Wesley T. Straw, Esq.
Matthew D. Emerson, Esq.
Emerson Straw, PL
150 2nd Ave. N.
Wells Fargo Plaza, Suite 850
St. Petersburg, FL 33701
mde@emersonstraw.com
wts@emersonstraw.com
Attorney for Appellants / Cross-Appellees
*Via Notice of Electronic Filing*